UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-24199-BLOOM/Otazo-Reyes

OSVALDO CRUZ,

    Plaintiff,

v.

OK2 CONSTRUCTION, LLC,
and KENNETH KURK,

    Defendants.

_____/

**ORDER OF DISMISSAL**

**THIS CAUSE** is before the Court upon a review of Plaintiff's Complaint, ECF No. [1], filed on December 26, 2022.

A "district court may act *sua sponte* to address the issue of subject matter jurisdiction at any time." *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (footnote call numbers and citations omitted). This is because federal courts are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id.* at 410.

In the Complaint, Plaintiff alleges that the Court "has jurisdiction over the subject matter and parties as Plaintiff OSVALDO CRUZ is a resident of Florida, Defendant OK2 CONSTRUCTION, LLC's principal offices are in Texas, and Defendant KENNETH KURK is a resident of Texas." ECF No. [1] ¶ 5. As such, it appears that Plaintiff is relying upon the Court's

diversity jurisdiction under 28 U.S.C. § 1332(a). District courts have diversity jurisdiction over cases in which the parties are completely diverse and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. "For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), 'all plaintiffs must be diverse from all defendants.'" *First Home Bank v. Net Zero LLC*, No. 3:20-cv-150-J-34MCR, 2020 WL 802518, at *2 (M.D. Fla. Feb. 18, 2020) (quoting *Univ. of S. Ala.*, 168 F.3d at 412)); *see also See Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 292 F.3d 1334, 1337 (11th Cir. 2002) (subject matter jurisdiction exists only where there is complete diversity; all plaintiffs must be diverse from all defendants), *abrogated on other grounds by Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*, 547 U.S. 71 (2006). "The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction, and if jurisdiction is properly challenged, that party also bears the burden of proof." *Ray v. Bird & Son & Asset Realization Co.*, 519 F.2d 1081, 1082 (5th Cir. 1975).[1]

With respect to the citizenships of the parties, the Complaint alleges that (1) Plaintiff is a resident of Florida, and an owner and member of Defendant OK2 Construction, LLC; (2) OK2 Construction, LLC is a limited liability company formed and registered in Texas and authorized to do business in Florida; and (3) Defendant Kenneth Kurk is a resident of Texas, and an owner, manager, and officer of OK2 Construction, LLC. ECF No. [1] ¶¶ 2-4. However, these allegations are insufficient to plead proper subject matter jurisdiction pursuant to the Court's diversity jurisdiction.

First, the allegations with respect to Plaintiff and Defendant Kurk are insufficient. To properly allege citizenship of an individual, "[r]esidence alone is not enough." *Travaglio v. Am.*

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the Court of Appeals for the Fifth Circuit issued prior to October 1, 1981.

*Express Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) (citations omitted). "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction. . . . And domicile requires both residence in a state and 'an intention to remain there indefinitely[.]'" *Id*. (quoting *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002)). The Complaint alleges only that Plaintiff is a resident of Florida, and that Kurk is a resident of Texas. *See* ECF No. [1] ¶ 5.

Second, the allegations with respect to OK2 Construction, LLC are insufficient. As the Eleventh Circuit has held on numerous occasions, "[f]or the purpose of determining diversity jurisdiction, a limited liability company is a citizen of any state of which a member of the company is a citizen." *Flintlock Constr. Servs. v. Well-Come Holdings, LLC*, 710 F.3d 1221, 1224 (11th Cir. 2013). Thus, to sufficiently allege the citizenship of an LLC, "a party must list the citizenships of all the members of the limited liability company." *Mallory & Evans Contrs. & Eng'rs, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1305 (11th Cir. 2011). Here, the Complaint fails to set forth the citizenships of the members of OK2 Construction, LLC because Plaintiff's citizenship is not adequately alleged, and there is no indication that Plaintiff is the only member of OK2 Construction, LLC. Therefore, the jurisdictional allegations are entirely insufficient.

If the party invoking the court's jurisdiction fails to sufficiently allege as such, it cannot satisfy its burden of establishing diversity of citizenship. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). The Complaint fails to properly allege the parties' complete diversity of citizenship, and the Court lacks sufficient information to satisfy the jurisdictional inquiry. As a result, the allegations in the Complaint are insufficient to confer subject matter jurisdiction in this case under 28 U.S.C. § 1332(a). The Court thus considers whether leave to amend is warranted.

Generally, Rule 15 of the Federal Rules of Civil Procedure governs amendment to pleadings. Apart from initial amendments permissible as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* However, "[a] district court need not . . . allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).

"[D]enial of leave to amend is justified by futility when the 'complaint as amended is still subject to dismissal.'" *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999); *see Dysart v. BankTrust*, 516 F. App'x 861, 865 (11th Cir. 2013) (same); *St. Charles Foods, Inc. v. America's Favorite Chicken Co.*, 198 F.3d 815, 822-23 (11th Cir. 1999) ("When a district court denies the plaintiff leave to amend a complaint due to futility, the court is making the legal conclusion that the complaint, as amended, would necessarily fail."); *Christman v. Walsh*, 416 F. App'x 841, 844 (11th Cir. 2011) ("A district court may deny leave to amend a complaint if it concludes that the proposed amendment would be futile, meaning that the amended complaint would not survive a motion to dismiss."); *Aguilar v. United Floor Crew, Inc.*, No. 14-cv-61605, 2014 WL 6751663, at *2 (S.D. Fla. Dec. 1, 2014) (same). In any event, "the grant or denial of an opportunity to amend is within the discretion of the District Court . . . ." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L.Ed.2d 222 (1962).

Here, the Court concludes that amendment would be futile. Plaintiff has alleged that he is a member of Defendant OK2 Construction, LLC. Therefore, notwithstanding any amendment, the requirement of complete diversity may never be satisfied.

Case No. 22-cv-24199-BLOOM/Otazo-Reyes

Accordingly, it is **ORDERED AND ADJUDGED** that the Complaint, **ECF No. [1]**, is **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 27, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record